UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FDR SERVICES CORPORATION OF VIRGINIA, INC.<br>26 Kelly Drive<br>Front Royal, VA 22630,<br><br>    Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA<br>A Municipal Corporation<br>441 4th Street, N.W.<br>Washington, D.C. 20001<br><br>Serve: Mayor Muriel Bowser<br>1350 Pennsylvania Avenue, N.W. #316<br>Washington, D.C. 20001<br><br>Serve: Attorney General Karl A. Racine<br>Office of the Attorney General<br>441 4th Street, N.W.<br>Washington, D.C. 20001<br><br>and<br><br>NOT-FOR-PROFIT-HOSPITAL CORPORATION commonly known as UNITED MEDICAL CENTER<br>A District of Columbia Government Hospital,<br>1310 Southern Avenue, S.E.<br>Washington DC 20032,<br><br>Serve: Colene Daniel, CEO<br><br>1310 Southern Avenue, S.E.<br>Washington DC 20032,<br><br>    Defendants. | Case No.: Pending |

## COMPLAINT

COMES NOW Plaintiff, FDR Corporation Services of Virginia, Inc. ("FDR"), who entered into a contract with the Defendants to provide linen services for a hospital formerly known as the Greater Southeast Community Hospital and now known as United Medical Center, by and through its undersigned counsel, files this complaint and alleges as follows:

## THE PARTIES

1. Plaintiff FDR Services Corporation of Virginia, Inc. is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business in Front Royal, Virginia.

2. Defendant District of Columbia is a municipal corporation, which is the city government of Washington, D.C.

3. Defendant Not-For-Profit Hospital Corporation (sometimes "Hospital" and sometimes "NFPHC") is an entity which appears to hold itself out as a corporation but which is not a registered corporation in the District of Columbia. In its contract with the Plaintiff NFPHC identified itself as an "Instrumentality of the District of Columbia government." NFPHC operates a hospital formerly known as the Greater Southeast Community Hospital and now known as the United Medical Center (hereinafter "Hospital"). The United Medical Center's web site identifies itself as a "District of Columbia government hospital (not a private 501c (3) entity…" (sic). There is a United Medical Center, Inc. registered as a corporation in the District of Columbia. But the registration data does not provide an address or identify a registered agent and lists its status a "Converted." It is not all clear that United Medical Center, Inc. is NFPHC.

4.      If it is determined to be a corporation separate and distinct from the District of Columbia NFPHC is organized under the laws of the District of Columbia and has its principal place of business in the District of Columbia.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C.§ 1331, 28 U.S.C. § 1332(a) (if NFPHC is determined to be a corporation), and 28 U.S.C. § 1367(a) because the facts are all based on the same events.

6.      This Court has personal jurisdiction over all Defendants as all are located in the District of Columbia.

7.      This case arises from a breach by the Defendants of the Rental Services Contract between the Plaintiff and the Defendants. The Plaintiff sues to recover a termination for convenience fee from the Defendants. However, both Defendants have rejected jurisdiction over the Plaintiff's claim.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because all Defendants' principal places of business are located in the District and the events giving rise to this action occurred in the District.

## STATEMENT OF FACTS

9.      On May 8, 2014, NFPHC entered into Contract No. NFPHC – 109 ("Contract") with Plaintiff FDR for the provision of certain linen rental services for the Hospital as specified in the contract. A true copy of the Contract is attached to this Complaint as **Exhibit A**. The Hospital's Standard Contract Provisions for Use with the Not-For-Profit Hospital Corporation Supplies and Services Contracts, dated December 10, 2010., are incorporated into the Contract by reference. **Exhibit A,** at pages 18-19.

3

10. Plaintiff performed all of the services required of it under the Contract.

11. The Contract included four Option Years, the last option year to end on September 6, 2018. The Agency exercised each Option. Accordingly, the Contract was to terminate on September 6, 2018.

12. Following its exercise of the last contract option, however, by letter dated November 22, 2017, the Contracting Officer issued a Notice to terminate the contract for convenience. The termination was to become effective on December 31, 2017. A true copy of the November 22, 2017, Notice of Termination for Convenience is attached to this complaint as **Exhibit B**.

13. The November 22 Notice does not prescribe the method and form to be used by the Plaintiff to submit a termination for convenience claim. In fact, there was no such method or form a contractor could use to submit a termination for convenience claim. Accordingly, Plaintiff submitted its own invoice to the Contracting Officer by Invoice No. 46069 on December 4, 2017, in the amount of $111,622.50. A copy of Plaintiff's December 4, 2017, Invoice is attached to this Complaint as **Exhibit C.**

14. By letter dated April 11, 2018, a law firm claiming to represent the Hospital, but not acting on behalf of the Contracting Officer, advised Plaintiff's corporate counsel that the Hospital would not pay any claim for termination for convenience. The Hospital's attorney asserted sovereign immunity as a bar to enforcement by the Plaintiff of its claim against the Hospital. A copy of the Hospital attorney's April 11, 2018, letter is attached to this Complaint as **Exhibit D.**

15. Section 23 of the Standard Contract Provisions identified in Paragraph 9 above provides that the Hospital shall pay a termination for convenience fee in the event of a termination for convenience. A copy of Section 23 is attached to this Complaint as **Exhibit E.**

16. On December 19, 2018, Plaintiff, through its undersigned attorney and pursuant to the provisions of Section 23 of the Hospital's Standard Contract Provisions submitted a timely termination for convenience claim to the NFPHC Contracting Officer in the amount of $111,622.50. A true copy of Plaintiff's Termination for Convenience Claim is attached to this Complaint as **Exhibit F**.

17. On December 21, 2018, FDR provided NFPHC an Amended Certification to the Claim. A true copy is attached to this Complaint as **Exhibit G**.

18. Counsel for the Plaintiff inquired thereafter by telephone on February 6, 2019 and on March 26, 2019 with the Contracting Officer, who was then Kendrick Dandridge, about the Claim but received no response.

19. The Contracting Officer's failure to act on Plaintiff's claim for more than 120 days is a *de facto* denial of the claim. District of Columbia Code §2-359.08.

20. Subsection (f) of Section 23, **Exhibit E**, provides that Plaintiff "<u>shall have the right to appeal</u> … from any [termination for convenience claim] determination made by the Contracting Officer …." (Emphasis supplied.) This is a false statement and promise. Both Defendants knew at the time of the Contract in May 2014 and in November 2017, when the Hospital Contracting Officer issued her Notice of Termination for Convenience, that no such right to appeal from the Contracting Officer's determination existed.

21. Having been advised by the Hospital that Plaintiff could not sue NFPHC in court because the Hospital itself was protected by the doctrine of sovereign immunity, Plaintiff's only

choice was to appeal the Contracting Officer's denial by silence of the Plaintiff's termination for convenience claim to the District of Columbia Contract Appeals Board. Plaintiff filed its appeal against both NFPHC and the District of Columbia in June 2019.

22. The District of Columbia Attorney General then assumed representation of the Hospital before the Contract Appeals Board. Notwithstanding the express language of Section 23(f) of the Contract's Standard Provisions (**Exhibit F** hereto) that Plaintiff "shall have the right to appeal" the District of Columbia Attorney General argued precisely the opposite, that Plaintiff had no right to appeal because the Contract Appeals Board had no subject matter jurisdiction over appeals from NFPHC Contracting Officer's decisions.

23. By order dated March 17, 2020, the D.C. Contract Appeals Board denied it has jurisdiction over the matter and dismissed the appeal.

## Termination for Convenience Demand

24. Plaintiff's termination for convenience claim is broken down as follows pursuant to the terms of the termination for convenience provisions in the Contract:

   a. The remaining term of the contract ran through September 5, 2018 (executed addendum authorizing a 12 month extension 9/6/2017-9/05/2018);

   b. This means that 41 weeks remained under the terms of the Contract;

   c. The average weekly revenue under the contract as certified to by FDR was $8,250.00;

   d. $8250.00 x 41 weeks = $338,250.00 = TOTAL revenue lost by FDR as a result of the Termination for Convenience; and

e.  Per the original contract (see contract, page 14, **Exhibit A**), FDR is due one third of the average weekly revenue for the remaining weeks of the contract. $338,250 X 1/3 = $111,622.50.

## COUNT I
## FIFTH AMENDMENT TAKING
## (AGAINST DEFENDANT DISTRICT OF COLUMBIA)

25.  Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1 - 24 of this Complaint.

26.  Reasonable compensation in the event of a termination for convenience, which shortens the term of the contract and thus breaches the contract, in a government contract is a necessary part of the Plaintiff's payment for services under the contract. Thus, regular payment by the Hospital under the Contract up to the effective date of the termination for convenience, December 31, 2017, is insufficient compensation for Plaintiff's services. Plaintiff's performance after receiving the termination for convenience Notice was not voluntary. But the termination for convenience provision was illusory. At the time of the Contract, May 2014, the Defendants' promise upon which Plaintiff relied that guaranteed a right of appeal against an arbitrary determination of the Contracting Officer on a termination for convenience claim was false, and knowingly so. By 2014 the District was routinely taking the position before the Contract Appeals Board that a Hospital vendor like Plaintiff had no right of appeal from a Hospital Contracting Officer's decisions.

27.  At the same time the Hospital itself was taking the position that sovereign immunity is a bar to any attempt by the Plaintiff to enforce a termination for convenience claim in court.

28. The result is that Plaintiff has no remedy against such arbitrary conduct and thus was reimbursed insufficiently for its services.

29. As noted any state remedies for this taking are unavailable, inadequate, or futile.

## COUNT II
## BREACH OF CONTRACT—DAMAGES
## (AGAINST DISTRICT OF COLUMBIA)

30. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 - 29 of this Complaint.

31. Plaintiff entered into a valid contract with the Hospital, which the Hospital intentionally breached by failing to consider and then pay Plaintiff's termination for convenience claim.

32. As a government hospital Defendant District of Columbia is responsible for the Hospital's breach of contract.

33. Moreover, collection against the Hospital is illusory because the Hospital does not have adequate resources to pay its just debts.

34. The Hospital's breach, moreover, was intentional and was reflected by the Contracting Officer's refusal even to respond to Plaintiff's formal termination of convenience claim, **Exhibit F**. That is because the Contracting Officer knew that Plaintiff's effort to enforce its claim would be futile.

35. As a result Plaintiff suffered damages for which Defendant District of Columbia is responsible. The damages are best measured by the amount of Plaintiff's termination for convenience claim, $111,622.50.

## COUNT III
## BREACH OF CONTRACT—DAMAGES
## (AGAINST NOT-FOR-PROFIT HOSPITAL)

36.Plaintiff re-alleges and incorporates by reference the allegations contained Paragraphs 1 – 35 of this Complaint.

37.Plaintiff entered into a valid contract with the Hospital, which the Hospital intentionally breached by failing to consider and then pay Plaintiff's termination for convenience claim.

38.That the Hospital's breach was intentional and was reflected by the Contracting Officer's refusal even to respond to Plaintiff's formal termination of convenience claim, **Exhibit F**. That is because the Contracting Officer knew that Plaintiff's effort to enforce its claim would be futile.

39.As a result Plaintiff suffered damages for which Defendant Not-For-Profit Hospital is responsible. The damages are best measured by the amount of Plaintiff's termination for convenience claim, $111,622.50.

## COUNT IV
## FRAUD
## (AGAINST NOT-FOR-PROFIT HOSPITAL)

40.Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 – 39 of this Complaint.

41.Defendant Hospital as to the termination for convenience provisions of the Contract materially misrepresented the availability of an appeal from decisions of the Contracting Officer on the question of termination for convenience by providing in its Standard

Contract terms that Plaintiff "shall have the right to appeal … from any [termination for convenience claim] determination made by the Contracting Officer."

42. This Hospital knew at the time it issued the Contract that this representation in its Standard Provisions was false. Alternatively, the Hospital lacked knowledge of the truth of the representation. In fact no such right of appeal existed in May 2014. Similarly the Hospital knew at the time it issued its Notice of termination for convenience, **Exhibit B**, that the Provision was false and that the Plaintiff had no real remedy for the Hospital's arbitrary acts.

43. The Hospital intended that the Plaintiff should rely or act in reliance on the false representation.

44. Plaintiff did rely on the false representation and suffered damages as a result. The Plaintiff's compensatory damages are best measured by the amount of Plaintiff's termination for convenience claim, $111,622.50.

45. In addition to its compensatory damages Plaintiff is entitled to punitive damages and reasonable attorney's fees arising out of the Hospital's fraud.

## COUNT V
## FRAUD
## (AGAINST DISTRICT OF COLUMBIA)

46. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 – 45of this Complaint.

47. The Defendant District of Columbia knew or should have known that its hospital was procuring the use of vendor services like the services provided by the Plaintiff in this case through fraud.

48. In this case the District actively ratified and participated in the fraud in at least two ways. First by allowing the Hospital to issue contracts identifying the Hospital as an

"Instrumentality" of the District and thus creating the misleading impression that the District would ultimately be responsible for the Hospital's debts or misdeeds in dealing with its vendors. Second the District actively ratified the Hospital's misconduct by advancing the Hospital's position, accepted by the Board of Contract Appeals, that Hospital vendors had no right of appeal from a Hospital Contracting Officer's actions. At the very least Defendant District of Columbia should have disclosed to potential Hospital vendors that the provisions of Section 23 of the Hospital's Standard Contract Provisions were false.

49. The District knew or should have known that vendors like the Plaintiff would rely on the false provisions in making decisions to provide services to the Hospital.

50. The District's conduct itself, therefore, was fraudulent because it failed to make adequate disclosures to potential Hospital vendors and because it allowed the Hospital at the time of this Contract to make knowingly false representations to the Plaintiff.

51. Like the Hospital Defendant District of Columbia intended that the Plaintiff should rely or act in reliance on the false representations of the Hospital.

52. Plaintiff did rely on the false representation and suffered damages as a result. The Plaintiff's compensatory damages are best measured by the amount of Plaintiff's termination for convenience claim, $111,622.50.

53. In addition to its compensatory damages Plaintiff is entitled to punitive damages and reasonable attorney's fees arising out of the District of Columbia's fraud.

### COUNT VI
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (AGAINST BOTH DISTRICT OF COLUMBIA AND NOT-FOR-PROFIT HOSPITAL)

54. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 – 53 of this Complaint.

55. The Contract, like all contracts, implies a covenant of good faith and fair dealing. By misleading the terms of the contract and refusing to respond to Plaintiff's termination for convenience claim, and breaching its terms Defendants have failed to comply with the substance of the obligations imposed and implied by the Contract, including the implied covenant of good faith and fair dealing. In addition, Defendants by engaging in this conduct have evaded the spirit of the Contract.

56. As a result of the breaches of the implied covenant of good faith and fair dealing Plaintiff has suffered damages.  The Plaintiff's compensatory damages are best measured by the amount of Plaintiff's termination for convenience claim, $111,622.50.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that the Court: (1) order the District of Columbia to pay just compensation to Plaintiff for the insufficient payment for Plaintiff's services in Count I; and (2) award damages to Plaintiff as requested in Counts II through VI, along with prejudgment interest from December 19, 2018, to the date of judgment, and post-judgment interest and attorneys' fees. Plaintiff also respectfully requests any other relief which the Court deems is proper and just.

Dated: December 30, 2020           Respectfully Submitted,

/s/ Thomas A. Mauro
Thomas A. Mauro, Esq. Bar No. 184515
Mauro Law Offices, P.C
1776 K Street N.W., 2ND Floor
Washington, D.C. 20006
Phone: (202) 452-9865
Fax: (202) 331-1940
tmauro@tmaurolaw.com
Attorney for Plaintiff FDR Corporation Services of Virginia, Inc.