UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FDR Services Corporation of Virginia, Inc.<br><br>    Plaintiff,<br><br>v.<br><br>District of Columbia, et al.<br><br>    Defendants. | Case No. 20-cv-03852-KBJ<br><br>Hon. Ketanji Brown Jackson |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT AGAINST DEFENDANT NOT-FOR-PROFIT HOSPITAL CORPORATION**

Defendant Not-For-Profit Hospital Corporation, commonly known as United Medical Center ("NFPHC"), by and through counsel, and pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, moves this Court: (1) to vacate the default entered against it by the Clerk of the Court on March 3, 2021; and (2) to order the Clerk to accept for filing the Verified Answer accompanying the instant motion. *See* Mot. (Ex. A).

## FACTS

Plaintiff filed its case against Defendants NFPHC and the District of Columbia on December 30, 2020. According to the Return of Service Affidavit filed with respect to Defendant NFPHC (Doc. 9), the process server served Vaughn Mungin, a paralegal who was authorized to accept service of process on behalf of NFPHC, on February 4, 2021. Mr. Mungin neglected to notify in-house counsel of the Complaint.  In-house counsel learned for the first time about the entry of default in this action and of the service on Mr. Mungin on March 9, 2021—after the time for filing a responsive pleading had expired. Shortly after receiving notice of the pending lawsuit, Defendant NFPHC engaged the undersigned counsel, and now seeks to have the default

entered against it vacated. NFPHC has meritorious defenses to the claims set forth against it in the Complaint.

## ARGUMENT

### I. Applicable Legal Standard

The Court may vacate "an entry of default for good cause." Fed. R. Civ. P. 55(c). The "good cause" standard "frees a court . . . from the restraints of Rule 60(b) [conditions for vacating default judgments] and entrusts the determination to the discretion of the court." *Gilmore v. Palestinian Interim Self-Government Authority*, 843 F.3d 958, 966 (D.C. Cir. 2016) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane Federal Practice and Procedure § 2694 (3d ed. 2016)). This standard is "designed to empower courts to consider the equities that specially arise in a given case." *Id.*

The Court's evaluation is principally guided by three factors: "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Keegel v. Key W. & Caribbean Trading*, 627 F.2d 372, 373 (D.C. Cir. 1980) (citations omitted); *see also CapitalKeys, LLC v. Democratic Republic of Congo*, No. 15-cv-2079 (KBJ), 2020 WL 7029934 (D.D.C. Feb. 14, 2020). Although it involves the same factors, the standard for setting aside an entry of default is a "lower standard" than is required when the court is asked to set aside a default judgment under Rule 60(b). *Essroc Cement Corp. v. CTI/D.C., Inc.*, 263 F.R.D. 17, 20 (D.D.C. 2009) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Moreover, relief may be obtained even if not all of the *Keegel* factors weigh in favor of the moving party. *CapitalKeys*, 2020 WL 7029934, at *2 (citing *Acree v. Republic of Iran*, 658 F. Supp. 2d 124, 130 (D.D.C. 2009) (setting aside default judgment "[e]ven accepting the plaintiffs' contention that Iraq's default was willful.")). In light of the strong preference for

adjudication of disputes on the merits, "all doubts are resolved in favor of the party seeking relief." *Jackson*, 636 F.2d at 836; *Wilson v. Superclub Ibiza*, 279 F.R.D. 176, 179 (D.D.C. 2012).

Given the facts of this case, there is "good cause" under Rule 55(c) to set aside the entry of default against NFPHC. As discussed below, each of the *Keegel* factors weighs in favor of vacating the entered default. First, Defendant's failure to respond to the Complaint in a timely manner was not "willful" in the sense contemplated by Rule 55(c). Second, at this early stage in the litigation, Plaintiff cannot make a credible showing that vacating the entry of default would result in prejudice to it. Finally, Defendant has put forth valid defenses to Plaintiff's claims. *See* Mot. (Ex. A). The Court should therefore grant Defendant's motion to vacate the entry of default.

## II.     Under The Applicable Legal Standard The Entry Of Default Should Be Vacated

### A.     Defendant's Default Was Not Willful

The first factor to be considered in determining whether there is "good cause" for vacating a default is whether the defendant's conduct was willful. In determining whether a default was willful, "[t]he boundary of willfulness lies somewhere between a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003). While a court need not find that a defaulting party has acted in bad faith in order to establish willfulness, it must conclude that the party's conduct demonstrates more than mere negligence. *See id.* Thus, "willfulness" is not a bright line test.

In the instant case, there was never any willful intent to avoid filing an answer. NFPHC's delay in responding to the Complaint is solely the result of an oversight by a junior employee who is no longer employed by NFPHC. Whatever NFPHC's mistake may be, it certainly was not a "willful" effort to default as contemplated by Rule 55(c). Indeed, this case is a far cry from those that this Court has identified as being examples of willful defaults. *See, e.g.*, *Canales v. A.H.R.E., Inc.*, 254 F.R.D. 1, 8 (D.D.C. 2008) (finding the defendant's conduct to be willful when it failed to respond to the lawsuit for more than a year and three months after the answer was due and failed to respond for more than eight months after default judgment was ordered); *Gilmore v. Palestinian Interim Self-Government Authority*, 675 F. Supp. 2d 104 (D.D.C. 2009) (finding defendants' default willful where part of a deliberate litigation strategy to refuse to defend the case on its merits).[1]

For these reasons, the absence of willfulness militates in favor of vacating the default.

### B.     Plaintiff Will Not Be Prejudiced If The Motion To Vacate Is Granted

As for the second *Keegel* factor, courts have been very clear that "'[d]elay in and of itself does not constitute prejudice' in the absence of other accompanying tangible harms, such as 'loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion[.]'" *CapitalKeys*, 2020 WL 7029934, at *3 (citation omitted); *see also Keegel*, 627 F.2d at 374 (stating that the fact that "setting aside the default would delay satisfaction of plaintiffs' claim, should plaintiffs succeed at trial, is insufficient to require affirmance of the denial [of the defendants' motion to set aside the default]"); *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 394 (D.D.C. 2005) (stating that "delay and legal costs are part and parcel of litigation and typically do not constitute prejudice for purposes of Rule 55(c)").

---

[1] The *Gilmore* Court granted the defendants' motion to vacate the entry of default notwithstanding a finding that the default in the case was willful. The grant was affirmed on appeal. 843 F.3d 958 (D.C. Cir. 2016).

In the instant case, it is hard to conceive how a less than one-month delay after entering the default in responding to the Complaint would substantially prejudice Plaintiff's pursuit of claims rooted in the termination several years ago of a contract for the provision of linen rental services. *See Superclub Ibiza*, 279 F.R.D. at 180 (finding defendants' filing of a response 'just one month after the entry of default" to constitute "minimal delay"); *Gray v. Staley*, 310 F.R.D. 32 (D.D.C. 2015) (finding defendant's two-month delayed response did not suggest a deliberate effort to default or otherwise delay the litigation). Mere delay, without more, at this early stage of the proceedings carries no risk of the harms that might ensue from more substantial delays in advancing litigation. *See Haskins v. U.S. One Transp., LLC*, 755 F. Supp. 2d 126, 130–31 (D.D.C. 2010) (concluding that plaintiff would suffer no substantial prejudice from setting aside entry of default because "[t]his litigation is still in a preliminary stage and the motion to vacate the entry of default comes well before the plaintiff has litigated any of his claims").

There is no possible argument that Plaintiff has been prejudiced by NFPHC's delay in responding. There has been no loss of evidence. As for increased difficulties of discovery, Plaintiff has not even attempted to obtain discovery as of yet. And there is absolutely no evidence that there has been any fraud or collusion in this case. Given the absence of any tangible harms and the early stage of the case and minimal delay involved, vacating the entry of default will not cause prejudice to Plaintiff.

**C.    Defendant Has Raised Defenses Which Are "Meritorious" Within The Meaning of Rule 55(c)**

The third *Keegel* factor "presents a very low bar." *CapitalKeys*, 2020 WL 7029934, at *3. The Court need not determine whether there is a likelihood of success on the merits of the case. *Keegel*, 627 F.2d at 374; *Mohammad Hilmi Nassif & Partners v. Republic of Iraq*, No. 17-cv-2193 (KBJ), 2020 WL 1444918 (D.D.C. Mar. 25, 2020). Rather, a defendant's "allegations

5

are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Keegel*, 627 F.2d at 374 (citations omitted). The Court considers only whether the defendant has alleged colorable defenses based on the record presently before it. *See id.* ("In their proposed answer, defendants have alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations. Though somewhat broad and conclusory, those allegations [are] adequate[]."); *Canales*, 254 F.R.D. at 11 (finding that "even though [defendant] provides only a superficial analysis" of its alleged defense, the defendant's assertion was sufficient to satisfy the "meritorious defense" requirement).

In the instant case, NFPHC has raised meritorious jurisdictional defenses:  the Complaint must be dismissed for lack of subject matter jurisdiction because NFPHC enjoys sovereign immunity, and NFPHC is not amenable to diversity jurisdiction because it is an arm of the District of Columbia. *See* Mot. (Ex. A).[2] NFPHC has a variety of other meritorious defenses as well, including the statute of limitations, violations of the federal and District Columbia Anti-Deficiency Acts, and the unenforceability of the contract clause under which Plaintiff seeks to recover a termination for convenience fee.  Because a defense is sufficient if it contains "'even a hint of a suggestion' which, proven at trial, would constitute a complete defense," NFPHC's jurisdictional allegations constitute a meritorious defense within the meaning of Rule 55(c). *Keegel*, 627 F.2d at 374; *see also Strong-Fisher v. LaHood*, 611 F. Supp. 2d 49 (D.D.C. 2009) (finding a jurisdictional defense to be meritorious and vacating entry of default for good cause).

---

[2] NFPHC has employed these jurisdictional defenses in other matters, one of which is currently pending before this Court. *See Craig v. Not-For-Profit Hospital Corporation, et al.*, No. 1:18-cv-00347-KBJ (D.D.C. filed Feb. 15, 2018).  That NFPHC's motion to dismiss the *Craig* case on jurisdictional grounds (Dkt. 20) has not been denied in the nearly three years since its filing further supports a finding that NFPHC has asserted a colorable jurisdictional defense for purposes of the instant motion.

6

**CONCLUSION**

For all of the above-stated reasons, this Court should: (1) grant the Motion to Vacate; and (2) order the Clerk of this Court to accept for filing NFPHC's Verified Answer.

Dated:  March 22, 2021

Respectfully submitted,

CARLTON FIELDS, P.A.

By: */s/ Emil Hirsch*
Emil Hirsch (D.C. Bar No. 930479)
ehirsch@carltonfields.com
Emily Green (D.C. Bar No. 1025121)
egreen@carltonfields.com
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC 20007
Telephone: (202) 965-8100
Facsimile: (202) 965-8104

*Attorneys for Defendant Not-For-Profit Hospital Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March 2021, I served a copy of the foregoing Memorandum of Points and Authorities In Support of Motion to Vacate Entry of Default Against Defendant Not-For-Profit Hospital Corporation via the Court's ECF system on the following:

Thomas A. Mauro, Esq.
Mauro Law Offices, P.C.
1776 K Street NW, 2nd Floor
Washington, DC 20006
Phone: (202) 452-9865
Fax: (202) 331-1940
Email: tmauro@tmaurolaw.com

*Attorney for Plaintiff*
*FDR Corporation Services of Virginia, Inc.*


Matthew D. Trout
Office of the Attorney General for the District of Columbia
Civil Division
400 Sixth Street, NW
Washington, DC 20007
Phone: (202) 724-5695
Fax: (202) 724-6590
Email: matthew.trout1@dc.gov

*Attorney for Defendant District of Columbia*


By: */s/ Emily Green*_____