UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FDR SERVICES CORPORATION OF VIRGINIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No. 1:20-cv-03852 (JMC) |

**MEMORANDUM OPINION**

FDR Services sued the Not-For-Profit Hospital Corporation (NFPHC) and the District of Columbia after NFPHC terminated its contract with FDR Services early. The District filed a Motion to Dismiss, arguing that the District cannot be held liable for the NFPHC's actions. The Court grants the Motion.[1]

**I.   BACKGROUND**

In 2014, FDR Services contracted with the NFPHC to provide linen rental services to the hospital. ECF 1 ¶ 9. The NFPHC had the option to renew the contract annually for up to four years, and the NFPHC exercised its option in each of those four years. *Id.* ¶ 11. After the NFPHC exercised its option for the last year, the contract was scheduled terminate on September 6, 2018. *Id.* However, the NFPHC sent FDR Services a notice on November 22, 2017, stating that it planned to terminate the contract early. *Id.* ¶ 12. FDR Services submitted an invoice for $111,622.50 to

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

compensate for the early termination. *Id.* ¶ 13; *see also* ECF 1-7. The NFPHC informed FDR Services that it would not pay the invoice. ECF 1 ¶ 14; *see also* ECF 1-8. FDR Services tried reaching out to the NFPHC again about the early termination fee but received no response for months. *Id.* ¶¶ 18–19.

In June 2019, FDR Services appealed the issue to the District of Columbia Contract Appeals Board. *Id.* ¶ 21. The Board concluded that it lacked jurisdiction over the NFPHC, and that FDR Services failed to state a claim against the District upon which relief could be granted. ECF 7-1 at 4.[2] FDR Services then sued the NFPHC[3] and the District in this Court. With respect to its claims against the District, FDR Services alleges that it violated the Fifth Amendment's Takings Clause, breached its contract, committed fraud, and breached its covenant of good faith and fair dealing. *See* ECF 1 ¶¶ 25–35, 46–56. The District moved to dismiss the claims against it. ECF 7. FDR Services responded, ECF 8, and the District replied, ECF 14.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged," but the Court need not "accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns. Corp.*, 16 F3d 1271, 1276 (D.C. Cir. 1994).

---

[2] "In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the parties." *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 133–34 (D.D.C. 2013).

[3] The claims against the NFPHC were voluntarily dismissed without prejudice. *See* ECF 20 (granting Consent Motion to Dismiss Without Prejudice).

**III.     ANALYSIS**

The District created the NFPHC via statute "as an instrumentality of the District government." D.C. Code § 44-951.02(a). However, the NFPHC was given "a separate legal existence" from the District, *id.*, and the District disclaimed liability from any "lawsuits or claims arising from the operation of the [NFPHC]," D.C. Code § 44-951.14(e). The District argues that this statutory backdrop precludes this lawsuit from proceeding against it. Because Plaintiff's claims derive from the NFPHC's refusal to pay a termination fee for contracted services, the District argues that those claims "aris[e] from the operation of the [NFPHC]" and therefore must name the NFPHC as defendant, not the District. ECF 7 at 6.

The Court agrees with the District. The plain text of D.C. Code § 44-951.14(e) explicitly disclaims the District's liability and precludes the District from being "made a party to any lawsuits or claims arising from the operation of the Corporation." The statute further provides that the NFPHC may be sued. D.C. Code § 44-951.06(1). The claims in this case arise from actions taken by the NFPHC, not the District, so the NFPHC is the proper defendant. FDR Services' argument that the NFPHC is not legally distinct from the District runs contrary to the plain text of the statute. *See* D.C. Code § 44-951.02(a). The Court therefore rejects that argument and adheres to the plain text.

Finally, FDR Services' invocation of *Lebron v. National Railroad Passenger Corporation*, 513 U.S. 374 (1995), does not save its claims against the District. *Lebron* set out a three-part test for determining whether a corporation is part of the government for constitutional purposes. *Id.* at 400. FDR Services argues that because the NFPHC is part of the District's government under the *Lebron* framework, its claims should be allowed to proceed against the District. ECF 8 at 4. This overextends *Lebron*'s holding. Even if the NFPHC is part of the government under the *Lebron* test, that would mean only that FDR Services could bring a constitutional claim against the

NFPHC. *See Herron v. Fannie Mae*, 861 F.3d 160, 167 (D.C. Cir. 2017) (stating that the *Lebron* framework is used for "determining whether a Government-created and -controlled corporation is a government actor for constitutional purposes"). *Lebron* does not permit the substitution of one governmental entity for another, even if they are both housed under a bigger umbrella unit. To the extent FDR Services has a viable Takings Claim, it should have been brought against the NFPHC because it is the government entity that allegedly committed the constitutional violation.[4]

## IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS that the District of Columbia's Motion to Dismiss, ECF 7, is GRANTED.

**SO ORDERED.**

DATE: July 24, 2023

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Jia M. Cobb
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Court Judge

---

[4] The Court does not opine on the application of the *Lebron* test in this case.